UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KRISTI DEWITTE, as parent and Guardian of Tristan DeWitte, a Minor, and Tristan DeWitte, Individually,

Plaintiffs,

Civil No. 02-101(ADM/AJB)

v.

ORDER

BRUNSWICK CORPORATION,

Defendants.

---

This matter came before the Court on the application of the Petitioner in accordance with the Petition on the 5th day of February 2003. The Petitioner appeared in person as did her minor child and by and through her attorney Michael W. Hanson, Esquire, Sioux Falls, South Dakota. Based upon this application IT IS HEREBY ORDERED:

That the Court has approved a settlement of $24,000.00 cash.

That the Court feels that in light of the injuries; the medical expenses paid by Petitioner's health insurance; and the circumstance under which the accident took place, the settlement is reasonable.

That the Petition of the Petitioner is approved.

That from the $24,000.00 settlement the following payments shall be allowed:

| | |
|---|---|
| 1. Petitioner's attorneys | $ 7,021.18 |
| 2. Certificate of Deposit | 16,978.82 |
| TOTAL | $ 24,000.00 |

That the Petitioner shall, within 48 hours of receiving the sum of $16,978.82 payment, deposit said payment in a Certificate of Deposit in a bank or saving loan covered by Federal Deposit Insurance.

FILED 2-5-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. 2/5/03
DEPUTY CLERK

That the Certificate of Deposit shall be issued in the name of Tristan DeWitte.

That the Certificate of Deposit be transmitted by the financial institution to the Clerk of Court within 5 days after its receipt of the deposit.

That the financial institution shall not make any disbursements from the deposit except upon order of the Court.

That a copy of the Court's order shall be delivered to said financial institution by the Petitioner with the remittance for deposit. The financial institution and the type of investment there shall be as specified in Minn. Stat. 540.08, as amended. Two or more institutions shall be used if necessary to have full Federal Deposit Insurance coverage of the proceeds plus future interest.

IT IS FURTHER ORDERED that the deposit shall remain with the designated financial institution until August 30, 2014, at which time the minor shall reach the age of majority. Time deposits shall be established with a maturity date on or before the date. If automatically renewing instruments of deposit are used, the final renewal period shall be limited to the date of the age of majority. On the date of majority the financial institution is hereby authorized to release the funds to Tristan DeWitte upon presentation of the deposit book or other deposit document that has been obtained from the court administrator, without further order of this Court.

That the Petitioner shall, at the time of deposit, supply the financial institution with a tax identification number or a social security number for Tristan DeWitte.

That the Petitioner shall file or cause to be filed timely state and federal income tax returns on behalf of Tristan DeWitte.

That at such time as Tristan DeWitte has received the payment of $16,978.82, the

defendant Brunswick Corporation shall be entitled to a release and/or satisfaction of judgment from the injured party.

At the hearing on the Petition, the Petitioner's attorney submitted to the Court medical reports and records which show the extent of the injuries suffered by the Petitioner and the extent of healing.

At the hearing on the Petition of this matter, it was stated that Blue Cross and Blue Shield of Minnesota has paid medical bills incurred by Tristan DeWitte for his injuries. However, Blue Cross and Blue Shield of Minnesota are making no claim for payment of these bills. Furthermore, that none of Petitioner's attorney fees or expenses have been paid by a third party. Last, it has been asserted that no subrogation rights will be asserted by any third party.

At the hearing it was stated the Petitioner's attorney will receive one payment of $7,021.18 out of the settlement as attorney fees and expenses. Petitioner's attorney will receive no fees out of the remaining $16,978.82 which will be deposited in a Certificate of Deposit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 5, 2003

BY THE COURT:

JUDGE ANN D. MONTGOMERY
UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.